United States District Court
Middle District of Florida
Jacksonville Division

JEANNA CANNAROZZO, NICOLE
LOPEZ, AND AMY RICE, ON BEHALF
OF THE NEMOURS FOUNDATION
SECTION 403(B) PLAN, HIMSELF,
AND ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.                                                                                     NO. 3:23-cv-136-BJD-LLL

THE NEMOURS FOUNDATION,

    Defendant.
_____

## Order

Before the Court is Defendant's Motion to Stay Discovery. Doc. 36. In it, defendant requests an order staying discovery pending resolution of its motion to dismiss. For the reasons discussed below, the motion is granted.

## Authority

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents*

*of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court . . . ." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). As such, the district court has "'broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case.'" *Ameris Bank v. Russack*, No. CV614–002, 2014 WL 2465203, at *1 (S.D. Ga. May 29, 2014) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).[1]

Under Rule 26(c) of the Federal Rules of Civil Procedure, the moving party must demonstrate good cause and reasonableness for a stay of discovery. *See McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006); *see Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997). Dismissal of non-meritorious claims before discovery begins may be necessary to minimize undue burdens on litigants and the court system. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368-69 (11th Cir. 1997); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting the importance of resolving facial challenges before discovery begins, "especially when the challenged claim will significantly expand the scope of allowable discovery."). Pending motions to dismiss, however, do not atomically establish good cause because

---

[1] The Court acknowledges and considers that "[u]npublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citation omitted).

2

the Middle District has a policy against staying cases solely on the pendency of motions to dismiss. Middle District Discovery Handbook § 1(E)(4). Ultimately "[a] stay of discovery should be the exception rather than the rule." *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-CV-36-J-39JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020).

## Analysis

As good cause for its motion, defendants argue that this case presents "unusual circumstances" warranting a stay, including that the motion could resolve the case in its entirety and that the administrative appeal process has already necessitated the exchange of a substantial amount of documents and information. Additionally, in its Local Rule 3.01(g) certification, defendant represents that it "conferred with Plaintiffs' counsel regarding this motion and confirmed that Plaintiffs are opposed to the relief sought herein." Doc. 36 at 5. Plaintiffs have not responded to the motion, however, and the time to do so has passed. *See* Local Rule 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion."). Because plaintiffs failed to respond, the Court treats the motion as unopposed. *See id.* ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-RBD-DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-CEM-T_S, 2016 WL 11448993,

at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-SPC-CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond the court could consider motion to compel unopposed). For these reasons, the Court concludes the stay should be granted.

It is **ordered**:

Defendant's Motion to Stay Discovery, doc. 36, is **granted**. Discovery is **stayed** until the resolution of the defendant's motion to dismiss, doc. 28.

**Ordered** in Jacksonville, Florida, on November 5, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Brandon J. Hill, Esquire
Amanda E. Heystek, Esquire
Luis A. Cabassa, Esquire
Marc Reed Edelman, Esquire
Adam R. Carlisle, Esquire
Howard Shapiro, Esquire
Lindsay Dennis Swiger, Esquire
Lindsey H. Chopin, Esquire
Michael Edward Holzapfel, Esquire