UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JEANNA CANNAROZZO, NICOLE LOPEZ, and AMY RICE, on behalf of the Nemours Foundation Section 403(B) Plan, himself, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NEMOURS FOUNDATION,<br><br>    Defendant. | Case No.: 3:23-cv-136-BJD-LLL |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**JACKSON LEWIS P.C.**
Howard Shapiro, Esq. (*pro hac vice*)
Lindsey Chopin, Esq. (*pro hac vice*)
Michael E. Holzapfel, Esq. (*pro hac vice*)
Adam R. Carlisle, Esq. (*pro hac vice*)

I.   **INTRODUCTION.**

Defendant The Nemours Foundation ("Nemours") submits these objections to the January 17, 2025 Report and Recommendation ("Report") of the Magistrate Judge (ECF No. 39) recommending that Nemours' motion to dismiss Plaintiffs' First Amended Complaint ("FAC") (ECF Nos. 28-30) be denied.

The Report cannot be squared with the Eleventh Circuit's requirement that plaintiffs in these ERISA fiduciary breach cases must exhaust administrative appeals before coming to court.  In recommending denial of Nemours' motion, the Report did not consider the administrative record documents Plaintiffs had in their possession when they drafted the FAC – even documents expressly referenced in the pleading. This omission guts the exhaustion requirement and forecloses the "context-specific" plausibility analysis the Supreme Court requires.

The Report also did not consider the growing consensus of appellate ERISA jurisprudence on the merits of the issues *sub judice*.  Instead, the Report followed two unpublished trial court opinions.  While neither body of case law is binding on this Court, in the absence of guidance from the Eleventh Circuit, a consensus from sister circuits is the more persuasive of the two.  Had the Report considered those decisions, it would have easily concluded that (1) a "meaningful benchmark" for a recordkeeping claim cannot be fabricated from Form 5500s; (2) the Court is required to scrutinize

1

comparator plans; and (3) a plausible share class claim must compare "net expense ratio" to "net expense ratio."[1]

## II. STANDARD OF REVIEW.

A district court may accept, reject, or modify, in whole or in part, a magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The district court must review *de novo* any part of the magistrate judge's disposition to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Under a *de novo* standard, the district court must review the record independently, exercise its own judgment, and draw its own conclusions without giving special weight to the magistrate judge's findings. *See Lucy v. Johnson*, No. 97-896-RV-S, 1998 U.S. Dist. LEXIS 5304, at *2 (S.D. Ala. Mar. 26, 1998) (citations omitted).

---

[1] Counts I and II appear to have been inadvertently merged in the Report. Count I alleges that Plan fiduciaries breached the duty of prudence by allowing participants to pay excessive recordkeeping fees, and by selecting expensive share classes. Count II alleges that Nemours, as plan administrator, failed to adequately monitor those fiduciaries' discharge of their duties. Count II is therefore derivative of Count I – *i.e.*, a claim for breach of the duty to monitor fails absent a breach of the duty of prudence. *See* ECF No. 28, p. 29, n.13 (collecting cases). However, in discussing Count II, the Report stated: "In the FAC, plaintiffs allege that defendant breached its fiduciary duty of *prudence* by allowing Transamerica to receive compensation from Plan participants without tracking, monitoring or negotiating the compensation Transamerica collects from interest on participant money as to the float from the Plan." ECF No. 39, p. 15 (citing ¶ 61 of the FAC) (emphasis added). The Report then went on to discuss the FAC's allegations of excessive recordkeeping fees and expensive share classes. *Id.* at 15-16. These allegations purport to speak to the fiduciaries' alleged breach of the duty of prudence, not Nemours' alleged breach of the duty to monitor.

### III. OBJECTIONS.

#### A. The Court Is Permitted to Consider Document Attached to Defendant's Motion to Dismiss.

The Report did not consider any documentation attached to the Holzapfel Declaration (ECF No. 30). ECF No. 39, pp. 6-8. This was in error because: (1) it overlooked that Plaintiffs possessed, but ignored, critical documents they received in the mandated administrative review process; and (2) even absent such administrative review, courts routinely consider such documents.

##### 1. Disregarding Documents and Information Received in the Administrative Review Process Negates the Critical Importance of the Eleventh Circuit's Exhaustion Requirement.

The Eleventh Circuit requires that claimants exhaust administrative remedies in fiduciary breach cases. ECF No. 28, pp. 7, 15 (citations omitted); *see also Lanfear v. Home Depot, Inc.,* 536 F.3d 1217, 1224 (11th Cir. 2008); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985). The purpose of exhaustion is to engage the claimant and fiduciaries in a review process designed to streamline disputes before heading to court. ECF No. 28, p. 7; *see also Lanfear,* 536 F.3d at 1223-24; *Mason*, 763 F.2d at 1227. This is not a technical step. If a claimant learns something in the process that negates his allegations, he must address that in his complaint and the court should consider it. *See Grant Molla v. Gerdau Ameristeel, US, Inc.*, No. 8:22-cv-2094-VMC-SPF, 2025 U.S. Dist. LEXIS 13294, at *5 (M.D. Fla. Jan. 25, 2025) (requiring plaintiffs to plead the outcome of the administrative process).

Indeed, this matter was previously stayed specifically to allow the Parties to exhaust administrative remedies. *See* ECF Nos. 8, 13. That process yielded a comprehensive administrative record, including recordkeeping contracts, fee disclosures, and other material. *See* ECF No. 30-23, p. 27. And Plaintiffs admitted they had this material when they drafted the FAC. *See FAC*, ¶¶ 77, 99 (referring to "documents made available to Plaintiffs"). Yet, Plaintiffs refused to substantively acknowledge the information obtained during the administrative process, and the Report disregarded it entirely – even documents explicitly referenced in the FAC (*see infra*). *See* ECF No. 39, pp.7, 13.

For example, Nemours gave Plaintiffs all fee disclosures and recordkeeping contracts needed to discern the recordkeeping fees paid to Transamerica. *See* ECF No. 28, pp. 13-15. But because those documents definitively show that fees were far less than what is alleged in the pleadings, the FAC still "estimated" the fees from the Form 5500s to manufacture a claim. *See id.* at 18-23.

Plaintiffs' approach is irreconcilable with Eleventh Circuit procedure. This is not a jurisdiction where ERISA plaintiffs lack information about underlying fiduciary processes when they draft their complaint. The exhaustion doctrine remedies that scenario (as it did here) by giving plaintiffs the required information and transparency *before* they come to court. Ignoring administrative record documents guts the Eleventh Circuit's exhaustion requirement.

### 2. In Similar Cases, Courts Routinely Consider Documents Attached to Motions to Dismiss.

Even in ordinary cases, on motions to dismiss, "[t]he Court may consider the full text of documents referenced in, or central to, the allegations of the complaint." *Fleming v. Rollins, Inc.*, No. 1:19-cv-5732-ELR, 2020 U.S. Dist. LEXIS 227697, at *4 (N.D. Ga. Nov. 23, 2020) (citing *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)). "If an allegation in the complaint is based on a writing and the writing contradicts the allegation, the writing controls."[2] *Id.* Relatedly, in a motion to dismiss, a plaintiff is entitled to *reasonable* factual inferences, not unwarranted deductions of fact, and certainly not a blanket presumption of plausibility. *See Ranger v. Wells Fargo Bank, N.A.*, 757 F. App'x 896, 900-01 (11th Cir. 2018).

Accordingly, the Court acts well within its discretion to consider the documents attached to Nemours' Motion – especially those that were *specifically referenced* in the FAC. *See* ECF No. 39, p. 6. For example, the FAC bases almost all its substantive recordkeeping allegations on Plaintiffs' interpretation of these publicly available Form 5500s[3] for the Plan and the comparator plans, from their theories about float and revenue share, to their view of services across plans. *See FAC*, ¶¶ 10, 21, 40, 59, 60,

---

[2] Even courts outside the Eleventh Circuit that do not apply the exhaustion doctrine to fiduciary breach cases recognize that ERISA's extensive disclosure requirements, such as the requirement to send annual fee disclosures and file annual IRS Form 5500s, arm plaintiffs with circumstantial evidence that can – and must – be used to create a plausible inference that the fiduciaries' process was deficient. *See* ECF No. 28, p. 15 (citing cases from the Sixth, Seventh, and Tenth Circuits).

[3] Apart from being expressly incorporated into Plaintiffs' pleading, Form 5500s are publicly-filed governmental records. Courts routinely consider public records on motions to dismiss. *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (citations omitted).

74, 75, 77, 80, 82, 84, 86-88, 90-96. But Plaintiffs' self-serving interpretation of these documents is not a fact that the Court must or should accept at face value. To the contrary, the Court must review the entire source document *de novo*. Upon doing so, the Court will see – as Nemours laid out in detail in its Motion to Dismiss – that Plaintiffs' excessive recordkeeping fee allegations do not follow from the Form 5500s. *See* ECF No. 28, pp. 18-23.[4]

Declining to consider such documents sets up an impossible standard for all defendants. That is, plaintiffs can cherry-pick data from pertinent documents to mold a complaint's allegations, but when defendants expose those manipulations by introducing those very documents on a motion to dismiss, plaintiffs can defeat the motion by simply labeling the inconsistencies as a "factual dispute."

**B.**     ***Hughes* Is Not a Bar to Granting Motions to Dismiss**

One purpose of a motion to dismiss in an ERISA class action is to weed out meritless claims. *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014). Not only do the *Twombly/Iqbal* pleading standards apply to these class actions, the U.S. Supreme Court has also emphasized that a district court's plausibility analysis must be "context-specific," taking into consideration the circumstances prevailing at the time, and giving "due regard to the range of reasonable judgments a fiduciary may make."

---

[4] The Report also declined to disregard the *Moitoso* stipulation, which the FAC likewise quotes and incorporates. *See* ECF No. 39, p. 6, n.3. But as Nemours explained, the stipulation itself says it was *not* meant to be used in any other lawsuit – hence the majority position among district courts *rejecting* the stipulation as a meaningful benchmark. *See* ECF No. 28, pp. 16-17.

*Hughes v. Northwestern Univ.*, 595 U.S. 170, 177 (2022) (citing *Dudenhoeffer*, 573 U.S. at 425).

These standards do not require the Court to wholesale accept Plaintiffs' allegations as true. To the contrary, they require a context-specific analysis of the FAC. ECF No. 39, pp. 7-10. Nor does *Hughes* suggest that motions to dismiss are inappropriate vehicles for resolving fiduciary imprudence claims. *Id.*, pp. 10-11, 13-15. *Hughes* does not in any way support this conclusion.

In *Hughes*, the Supreme Court abrogated a bright-line rule unique to the Seventh Circuit. Under that rule, if a defendant could show, on a motion to dismiss, that fiduciaries satisfied their statutory obligation to offer a diverse menu of investments, then plaintiffs' imprudence claims failed as a matter of law. *See Hughes*, 595 U.S. at 176-77. The Supreme Court found such a categorical rule inconsistent with the context-specific inquiry ERISA requires, and antithetical to a fiduciary's duty to monitor all plan investments and remove imprudent ones. *Id*. at 173 (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015)). But Nemours never advocated for such a bright-line rule, making that portion of *Hughes* inapplicable.

Critically, while the Supreme Court reversed based on the lower court's use of the bright-line rule, it did *not* find that the *Hughes* plaintiffs stated a claim. Instead, it remanded the case to the Seventh Circuit so the court could reevaluate the complaint's allegations as a whole for plausibility. *Id*. at 177. In fact, upon remand, the court re-

7

affirmed that some of the complaint's claims still failed for lack of factual plausibility. *See Hughes v. Northwestern Univ.*, 63 F.4th 615, 636 (7th Cir. 2023).

### C. The Weight of Circuit Authority Supports a Legal Standard That Requires Dismissal of Plaintiffs' Claims

As Nemours explained, the Eleventh Circuit has not yet had the opportunity to apply *Hughes* in assessing the plausibility of recordkeeping and investment claims in these ERISA class actions. *See* ECF No. 28, pp. 16, 28. But many circuits have, and recent law is decidedly one-way. For example, most courts of appeals have held that a plausible claim for excessive recordkeeping fees requires a "meaningful benchmark," meaning a comparably-sized plan that paid less for the same or similar services. *See Id.* at 16 (citing *Singh v. Deloitte LLP*, 123 F.4th 88, 94-96 (2d Cir. 2024); *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1156-57 (10th Cir. 2023); *Smith v. CommonSpirit Health*, 37 F.4th 1160, 1168-69 (6th Cir. 2022); *Albert v. Oshkosh Corp.*, 47 F.4th 570, 580 (7th Cir. 2022); *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 279 (8th Cir. 2022)); *see also Boyette v. Montefiore Med. Ctr.*, No. 24-1279-cv, 2025 U.S. App. LEXIS 391, at *3 (2d Cir. Jan. 8, 2025). These courts, moreover, have held that, in scrutinizing services, it is necessary to consider integral documents, such as Form 5500s, fee disclosures, and recordkeeping contracts; generic allegations that all plans received similar services will not do. *See Singh*, 123 F.4th at 94-96; *Matney*, 80 F.4th at 1151, n.11; *Smith*, 37 F.4th at 1168; *Albert*, 47 F.4th at 579; *Matousek*, 51 F.4th at 279.

By way of further example, in assessing a share class claim, courts of appeals have held it appropriate for a trial court to consider revenue sharing to ensure plaintiffs compare "net expense ratio" to "net expense ratio." *See* ECF No. 28, pp. 28-29 (citing *Matney*, 80 F.4th at 1146-1152); *see also Albert*, 47 F.4th at 581. Courts of appeals have also concluded that float income is *not* a plan asset in which participants have an interest. *Id.* at 18-19 (citing cases from the First and Eighth Circuits). Hence, it is not properly included in the calculation of indirect compensation. *Id.*

In the face of this developing, persuasive authority from the Eleventh Circuit's sister circuits, the Court need not, and should not, follow two unpublished trial court decisions. *See* ECF No. 39, pp. 5, 11-14; *Lopez v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-1580-PGB-LHP, 2023 U.S. Dist. LEXIS 197183 (M.D. Fla. Jul. 12, 2023); *Huang v. TriNet HR III, Inc.*, No. 8:20-cv-2293-VMC-TGW, 2022 U.S. Dist. LEXIS 4537 (M.D. Fla. Jan. 10, 2022). For the reasons set forth in Nemours' reply brief (ECF No. 35), *Huang* and *Lopez* do not square with the majority case law issued by courts of appeals, which the Court should consider more persuasive. The FAC does not stand up against that law.

## IV.   CONCLUSION.

For the foregoing reasons, the Court should overrule the Report and grant Nemours's motion to dismiss.

Respectfully submitted,
**JACKSON LEWIS P.C.**

*/s/ Howard Shapiro*
Howard Shapiro, Esq. (*pro hac vice*)
Lindsey H. Chopin, Esq. (*pro hac vice*)
Michael E. Holzapfel, Esq. (*pro hac vice*)
Adam R. Carlisle, Esq. (*pro hac vice*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2025, a true and correct copy of Defendant's Objections to Magistrate Judge's Report and Recommendation was filed via CM/ECF, which will automatically send electronic notice to all counsel of record.

*/s/ Howard Shapiro*
Howard Shapiro