UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEANNA CANNAROZZO, NICOLE
LOPEZ, and AMY RICE, on behalf of
the Nemours Foundation Section
403(B) Plan, himself, and all others          Case No.: 3:23-cv-136-BJD-LLL
similarly situated,

      Plaintiffs,

v.

THE NEMOURS FOUNDATION,

      Defendant.

_____/

### DEFENDANT'S ANSWER TO PLAINTIFFS'
### FIRST AMENDED CLASS ACTION COMPLAINT

Defendant The Nemours Foundation ("Defendant") hereby answers Plaintiffs'

First Amended Class Action Complaint (ECF No. 21, the "Complaint") as follows:

### INTRODUCTORY PARAGRAPH

1.  In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs

purport to bring claims on behalf of The Nemours Foundation employees who are

participants in The Nemours Foundation Section 403(b) Plan ("the Plan"), but

Defendant denies any wrongdoing or any other action or inaction giving rise to any of

Plaintiffs' claims, and further denies any liability to Plaintiffs, and denies that class

certification is proper.

1

2.   Paragraph 2 sets forth argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, the statutory provisions governing ERISA's fiduciary duties are the best evidence of their contents and Defendant denies any characterization contrary to those statutory provisions.  Defendant further denies any and all remaining allegations in Paragraph 2 of the Complaint.

3.   Paragraph 3 sets forth argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, the statutory provisions governing ERISA's fiduciary duties are the best evidence of their contents and Defendant denies any characterization contrary to those statutory provisions.  Defendant further denies any and all remaining allegations in Paragraph 3 of the Complaint.

4.   In response to Paragraph 4 of the Complaint, Defendant admits that Plaintiffs purport to bring a class action under 29 U.S.C. §1132(a)(2) and (3) against Defendant, but Defendant denies any wrongdoing or any other action or inaction giving rise to any of Plaintiffs' claims and denies any liability to Plaintiffs, the Plan, or any members of the proposed class. Defendant further denies any and all remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE[1]

---

[1] The headings from the Complaint are included herein for clarity and organization.  Defendant denies any allegations or assertions contained in any heading.

5.  In response to Paragraph 5 of the Complaint, Defendant admits that this Court has subject matter jurisdiction for this matter.

6.  In response to Paragraph 5 of the Complaint, Defendant admits that this Court is a proper venue for this matter.

## ERISA

7.  Paragraph 7 of the Complaint asserts legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required.  To the extent a response is required, Defendant submits that the written material cited in Paragraph 7 is the best evidence of its contents and denies any characterization contrary to the terms of that written material.  Defendant denies any remaining allegation in Paragraph 7 of the Complaint.

8.  Paragraph 8 of the Complaint asserts legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required.  To the extent a response is required, Defendant submits that the written material cited in Paragraph 8 it the best evidence of its contents and denies any characterization contrary to the terms of that written material.  Defendant denies any remaining allegation in Paragraph 8 of the Complaint.

9.  Paragraph 9 of the Complaint sets forth legal conclusions as well as assertions and assumptions neither related nor directed to the Defendant herein and therefore does not require a response.  To the extent a response is required, Defendant submits that the written materials referenced in Paragraph 9 are the best evidence of its contents and denies any characterization contrary to the terms of that written material.

Defendant denies any remaining allegations for lack of information sufficient to justify a belief therein.

10.   Paragraph 10 of the Complaint sets forth argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant submits that the written material cited in Paragraph 10 of the Complaint is the best evidence of its contents and denies any characterization to that written material.  Defendant denies any remaining allegations.

11.   Paragraph 11 of the Complaint sets forth argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant submits that the written material cited in Paragraph 11 of the Complaint is the best evidence of its contents and denies any characterization contrary to that written material.  Defendant denies any remaining allegations.

12.   Paragraph 12 of the Complaint sets forth assertions and assumptions neither related nor directed to the Defendant herein and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint on the basis that they assert a hypothetical which is irrelevant, incomplete, and unanswerable.

13.   Paragraph 13 of the Complaint sets forth argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations.

14. Paragraph 14 of the Complaint sets forth assertions and assumptions neither related nor directed to the Defendant herein and therefore does not require a response. To the extent a response is required, Defendant denies the allegations.

15. Paragraph 15 of the Complaint sets for argumentative assertions and legal conclusions and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations.

## THE PLAN

16. Paragraph 16 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant incorporates by reference all Plan documents and summary plan descriptions in effect during the class period.

17. Paragraph 17 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant incorporates by reference all Plan documents and summary plan descriptions in effect during the class period.

18. Paragraph 18 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant incorporates by reference all Plan documents and summary plan descriptions in effect during the class period.

19. Paragraph 19 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant incorporates by reference all Plan documents and summary plan descriptions in effect during the class period. Paragraph 19 of the Complaint also sets forth assertions and assumptions neither related nor directed to the Defendant herein and therefore does not require a response.

Defendant denies these remaining allegations for lack of sufficient information to justify a belief therein.

20. Defendant denies the allegations of Paragraph 20 of the Complaint as vague and unanswerable including because it does not define "generally."

21. In response to Paragraph 21 of the Complaint, Defendant admits that, per the Plan's Form 5500, the Plan had $915,855,083 in assets at the end of 2022 and 13,845 participants with account balances at the end of 2022.

22. In response to Paragraph 22 of the Complaint, Defendant denies that the Plan had "tremendous bargaining power." The remaining allegations in Paragraph 21 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

## EXHAUSTION IS COMPLETE

23. In response to Paragraph 23 of the Complaint, Defendant admits that Plaintiffs have exhausted all administrative remedies and processes and submits that the written material cited in Paragraph 23 of the Complaint is the best evidence of its contents and denies any characterization contrary to that written material.

## THE PARTIES

24. Defendant denies the allegations in Paragraph 24 for lack of information sufficient to justify a belief therein.

25. Defendant denies the allegations in Paragraph 25 for lack of information sufficient to justify a belief therein.

26. Defendant denies the allegations in Paragraph 26 for lack of information sufficient to justify a belief therein.

## PLAINTIFFS HAVE STATUTORY AND
## CONSTITUTIONAL STANDING

27. Paragraph 27 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant submits that the statutory provisions governing ERISA cited in Paragraph 27 of the Complaint are the best evidence of their contents and denies any characterization contrary to that written material. Defendant denies any remaining allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant submits that the statutory provisions governing ERISA cited in Paragraph 29 of the Complaint are the best evidence of their contents and denies any characterization contrary to that written material. Defendant denies any remaining allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant submits that the statutory provisions governing ERISA cited in Paragraph 32 of the Complaint are the best evidence of their contents and denies any characterization contrary to that written material. Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 34 for lack of information sufficient to justify a belief therein.

35. Paragraph 35 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35 for lack of information sufficient to justify a belief therein.

36. Paragraph 36 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required,

Defendant denies the allegations in Paragraph 36 for lack of information sufficient to justify a belief therein.

37. Paragraph 37 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

**CLASS ACTION ALLEGATIONS**

39. In response to Paragraph 39 of the Complaint, Defendant admits that Plaintiffs purport to bring a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others similarly situated as defined in Paragraph 39 but denies that class certification is proper.

40. Paragraph 40 of the Complaint contains argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant submits that the written material referenced in Paragraph 40 is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains argumentative assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains argumentative assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 45 of the Complaint.

## DEFENDANT CAUSED THE PLAN TO PAY EXCESSIVE COMPENSATION TO THE PLAN'S ADMINISTRATORS

46. Paragraph 46 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint for lack of information sufficient to justify a belief therein.

51. Paragraph 51 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint for lack of information sufficient to justify a belief therein.

52. Paragraph 52 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the

extent a response is required, Defendant denies the allegations on the basis that they assert a hypothetical which is irrelevant, incomplete, and unanswerable.

54. Paragraph 54 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations on the basis that they assert a hypothetical which is irrelevant, incomplete, and unanswerable.

55. In response to Paragraph 55 of the Complaint, Defendant recognizes as judicial admission that Plaintiffs are not alleging a claim against Defendant for failure to use a direct payment arrangement.  The remaining allegations of Paragraph 55 set forth legal conclusions as well as assertions and assumptions neither related nor directed to Defendant and therefore do not require a response.  To the extent a response is required, Defendant denies these remaining allegations.

56. In response to the allegations in Paragraph 56 of the Complaint, Defendant admits that the Plan's recordkeepers are Transamerica Retirement Solutions ("Transamerica"), VALIC, Newport Trust Company, and Fidelity Investment Institutional.  Defendant denies the remaining allegations contained in Paragraph 56 of the Complaint as vague and unanswerable because no time period is specified, and the phrases "core recordkeeper" and "direct and indirect compensation" are undefined, vague, and ambiguous.  Defendant incorporates by reference the recordkeeping agreements and amendments in effect during the class period.

57. Paragraph 57 of the Complaint contains argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint as vague and unanswerable because no time period is specified and the phrase "receives indirect compensation" is undefined, vague, and ambiguous, including because it does not differentiate between funds received and returned versus fees received and retained.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. In response to the allegations concerning referenced documents in Paragraph 60 of the Complaint, Defendant submits that the written material referenced in Paragraph 60 is the best evidence of its contents and denies any characterization contrary to the terms of the written material.

61. Paragraph 61 of the Complaint contains argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint as vague and unanswerable because no time period is specified and the phrase "receives indirect compensation" is undefined, vague, and ambiguous, including because it does not differentiate between funds received and returned versus fees received and retained. Defendant denies the remaining allegations on the basis that they assert a hypothetical which is irrelevant, incomplete, and unanswerable.

13

63. Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant recognizes as a judicial admission that revenue sharing is not a *per se* violation of ERISA, and Defendant otherwise denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant recognizes as a judicial admission that Plaintiffs are not alleging a claim against Defendant merely for allowing recordkeepers to collect fees indirectly, Defendant otherwise denies the remaining allegations for lack of information sufficient to justify a belief therein.

66. Paragraph 66 of the Complaint sets forth argumentative assertions, legal conclusions, and Plaintiffs' characterization of judicial opinions to which no response is required.  Defendant submits that the written material referenced in Paragraph 66 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.  Defendant denies any remaining allegations in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the

extent a response is required, Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint asserts legal interpretations as well as assumptions and assertions neither related nor directed to Defendant and therefore does not require a response. Defendant submits that the written material referenced in Paragraph 69 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. To the extent a response is required, Defendant denies any remaining allegations in Paragraph 69 of the Complaint.

70. In response to Paragraph 70 of the Complaint, Defendant admits that Transamerica is a recordkeeper of the Plan during the class period. Paragraph 70 sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response. To the

extent a response is required, Defendant denies the allegations in Paragraph 73 of the
Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.  Defendant
further submits that the written material referenced in Paragraph 74 of the Complaint
is the best evidence of its contents and denies any characterization contrary to the
terms of the written material.

75. In response to Paragraph 75 of the Complaint, Defendant submits that the
written material referenced in Paragraph 75 of the Complaint is the best evidence of
its contents and denies any characterization contrary to the terms of the written
material.

76. Paragraph 76 of the Complaint sets forth assertions and assumptions neither
related to nor directed to Defendant and therefore does not require a response.  To the
extent a response is required, Defendant denies the allegations for lack of information
sufficient to justify a belief therein.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant submits that the written material referenced in Paragraph 80 of the
Complaint is the best evidence of its contents and denies any characterization contrary
to the terms of the written material.  Defendant denies any remaining allegations in
Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant submits that the written material referenced in Paragraph 82 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint. With respect to allegations regarding other plans, Defendant denies the allegations for lack of information sufficient to justify a belief therein.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant submits that the written material referenced in Paragraph 90 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material. Defendant denies any remaining allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint for lack of information sufficient to justify a belief therein.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.  With respect to allegations regarding other plans, Defendant denies the allegations for lack of information sufficient to justify a belief therein.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.  With respect to allegations regarding other plans, Defendant denies the allegations for lack of information sufficient to justify a belief therein.

95. Defendant denies the allegations in Paragraph 95 of the Complaint.  With respect to allegations regarding other plans, Defendant denies the allegations for lack of information sufficient to justify a belief therein.

96. Defendant denies the allegations in Paragraph 96 of the Complaint.  With respect to allegations regarding other plans, Defendant denies the allegations for lack of information sufficient to justify a belief therein.

97. Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint asserts legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Complaint.

100. Defendant submits that the written material referenced in Paragraph 100 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.  Defendant denies any remaining allegations in Paragraph 100 of the Complaint for lack of information sufficient to justify a belief therein.

101. Defendant submits that the written material referenced in Paragraph 101 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written material.  Defendant denies any remaining allegations in Paragraph 101 of the Complaint for lack of information sufficient to justify a belief therein..

102. Paragraph 102 of the Complaint asserts legal conclusions and Plaintiffs' characterization of judicial filings to which no response is required.  To the extent a response is required, Defendant submits that the written material cited in Paragraph 102 is the best evidence of its contents and denies any characterization contrary to the terms of that written material.  Defendant denies any remaining allegations in Paragraph 102 of the Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Complaint.

104. In response to Paragraph 104 of the Complaint, Defendant submits that the written material cited in Paragraph 104 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of that written material. Defendant denies any remaining allegations in Paragraph 104 of the Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 of the Complaint asserts legal conclusions to which no response is required.  To the extent response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

107. In response to Paragraph 107 of the Complaint, Defendant submits that the written material cited in Paragraph 107 of the Complaint is the best evidence of its

contents and denies any characterization contrary to the terms of that written material. Defendant denies any remaining allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 sets forth assertions and assumptions neither related to nor directed to Defendant and therefore does not require a response. To the extent a response is required, Defendant denies the allegations in Paragraph 108 of the Complaint.

109. Paragraph 109 sets forth assertions and assumptions neither related to nor directed to Defendant and therefore does not require a response. To the extent a response is required, Defendant submits that the written material cited in Paragraph 109 is the best evidence of its contents and denies any characterization contrary to the terms of the that written material. Defendant denies any remaining allegations in Paragraph 109 of the Complaint.

110. Paragraph 110 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110 of the Complaint.

111. Defendant denies the allegations in Paragraph 111 of the Complaint.

## **EXCESSIVE INVESTMENT-RELATED COMPENSATION**

112. Paragraph 112 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint sets forth legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required. To the extent a response is required, Defendant submits that the written material referenced in paragraph 114 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written materials. Defendant denies any remaining allegations in Paragraph 114 of the Complaint.

115. Paragraph 115 of the Complaint sets forth legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required. To the extent a response is required, Defendant submits that the written material referenced in paragraph 115 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written materials. Defendant denies any remaining allegations in Paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint sets forth legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required. To the extent a response is required, Defendant submits that the written material referenced in paragraph 116 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written materials. Defendant denies any remaining allegations in Paragraph 116 of the Complaint.

117.  Paragraph 117 of the Complaint sets forth legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required.  To the extent a response is required, Defendant submits that the written material referenced in paragraph 117 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written materials.  Defendant denies any remaining allegations in Paragraph 117 of the Complaint.

118.  Paragraph 118 of the Complaint contains argumentative assertions, legal conclusions, and Plaintiffs' characterization of judicial opinions to which no response is required. To the extent a response is required, Defendant submits that the written material referenced in paragraph 118 of the Complaint is the best evidence of its contents and denies any characterization contrary to the terms of the written materials. Defendant denies any remaining allegations in Paragraph 118 of the Complaint.

119.  Defendant denies the allegations in Paragraph 119 of the Complaint.

120.  Paragraph 120 of the Complaint sets forth legal conclusions and Plaintiffs' characterization of judicial opinions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 120 of the Complaint.

121.  Paragraph 121 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.  To the extent a response is required, Defendant denies the allegations in Paragraph 121 of the Complaint.

122.  Defendant denies the allegations in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations in Paragraph 123 of the Complaint.

124.   Defendant denies the allegations in Paragraph 124 of the Complaint.

125.   Paragraph 125 of the Complaint sets forth legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 125 of the Complaint.

126.   Defendant denies the allegations in Paragraph 126 of the Complaint.

127.   Paragraph 127 of the Complaint sets forth Plaintiffs' characterization of judicial opinions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 127 of the Complaint.

128.   Paragraph 128 of the Complaint sets forth argumentative assertions and assumptions and sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 128 of the Complaint.

129.   Paragraph 129 of the Complaint sets forth assertions and assumptions neither related nor directed to Defendant and therefore does not require a response.   To the extent a response is required, Defendant denies the allegations in Paragraph 129 of the Complaint.

130.   Defendant denies the allegations in Paragraph 130 of the Complaint.

131.   In response to Paragraph 131 of the Complaint, Defendant recognizes as judicial admission that Plaintiffs are not alleging that Defendant has a duty to scour the market to find and offer cheaper investments.   The remaining allegations in Paragraph 131 of the Complaint set forth assertions and assumptions neither related nor directed

23

to Defendant and therefore does not require a response. To the extent a response is required, Defendant denies the allegation in Paragraph 131 of the Complaint.

## FIRST CLAIM FOR RELIEF
### *Breach of Fiduciary Duty of Prudence*

132. Defendant reasserts its responses to Paragraphs 1-131 above and incorporates the same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

133. Paragraph 133 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, the statutory provisions governing ERISA's fiduciary duties are the best evidence for their contents and Defendant denies any characterization contrary to those statutory provisions.

134. Defendant denies the allegations in Paragraph 134 of the Complaint.

135. Defendant denies the allegations in Paragraph 135 of the Complaint.

136. Defendant denies the allegations in Paragraph 136 of the Complaint.

137. Defendant denies the allegations in Paragraph 137 of the Complaint.

138. Defendant denies the allegations in Paragraph 138 of the Complaint.

## SECOND CLAIM FOR RELIEF
### *Failure to Adequately Monitor Other Fiduciaries and Service Providers*

139. Defendant reasserts its responses to Paragraphs 1-131 above and incorporates the same as if fully set forth herein, and further incorporates its affirmative defenses in response thereto.

140. Paragraph 140 of the Complaint sets forth argumentative assertions and legal conclusions to which no response is required. To the extent a response is required, the statutory provisions governing ERISA's fiduciary duties are the best evidence of their contents and Defendant denies any characterization contrary to those statutory provisions.

141. Defendant denies the allegations in Paragraph 141 of the Complaint.

142. Defendant denies the allegations in Paragraph 142 of the Complaint.

143. Defendant denies the allegations in Paragraph 143 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in the "Prayer for Relief," including each and every subpart, and denies that Plaintiffs, the Plan, or those similarly situated are entitled to any of the relief sought in the "Prayer for Relief."

## GENERAL DENIALS

Unless expressly admitted below, Defendant denies each and every allegation of the Complaint and denies all liability to Plaintiffs.

Many paragraphs of the Complaint contain boilerplate statements of law and Plaintiffs' opinions that are not fact-based pleading as required by Fed. R. Civ. P. 8(a)(2). Those paragraphs are denied on that basis.

Defendant expressly reserves the right to amend and/or supplement this Answer as may be necessary.

## AFFIRMATIVE DEFENSES

Defendant advances the following defenses to the Complaint.  The defenses asserted below will apply, or will not apply, in varying degrees to members of the putative class including Plaintiffs, depending upon the particular factual circumstances of each individual member of the putative class.  By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Nothing stated herein is intended or shall be constructed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiffs lack standing to bring claims regarding funds in which Plaintiffs did not invest.

### Third Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations and repose, including but not limited to, ERISA § 413, 29 U.S.C. § 1113.

### Fourth Defense

Any loss, damage, or injury sustained by Plaintiffs was not directly or proximately caused by the alleged breach of fiduciary duty as set forth in the Complaint.

### Fifth Defense

The claims of the members of the putative class who have executed a waiver or release of claims against Defendant may be barred by that waiver or release of claims.

### Sixth Defense

Defendant acted at all times and in all respects in good faith and with due care and did not engage in any conduct which would constitute a breach of fiduciary duty or failure to monitor fiduciaries or service providers.

### Seventh Defense

Defendant is not, or was not acting as, a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain conduct alleged herein.

### Eighth Defense

Plaintiffs' claims are barred, in whole or in part, because the Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2).

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiffs exercised control over their Plan accounts.

### Tenth Defense

Plaintiffs have proximately caused, contributed to, and/or failed to mitigate, any and all harm and/or loss claimed.

### Eleventh Defense

Plaintiffs' claims are by the doctrine of laches, waiver, and/or estoppel.

## Twelfth Defense

To the extent that this action seeks exemplary or punitive damages, any such relief would violate Defendant's rights to procedural and substantive due process.

## Thirteenth Defense

The Plan's investments and fees were substantively/objectively prudent.

## Fourteenth Defense

Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

Dated: April 9, 2025                          Respectfully submitted,
                                              **JACKSON LEWIS P.C.**
                                              Attorneys for Defendant


                                 By:      /s/ *Lindsay Dennis Swiger, Esq.*
                                          Lindsay D. Swiger, Esq.
                                          Florida Bar no.: 0045783
                                          501 Riverside Avenue, Suite 902
                                          Jacksonville, Florida 32202
                                          Telephone: (904) 638-2655
                                          Facsimile: (904) 638-2656
                                          Lindsay.swiger@jacksonlewis.com

                                          Howard Shapiro, Esq.*
                                          Lindsey H. Chopin, Esq.*
                                          Adam R. Carlisle, Esq.*
                                          601 Poydras Street, Suite 1400
                                          New Orleans, Louisiana 70130
                                          Telephone: (504) 208-1755
                                          Facsimile: (504) 208-1759
                                          Howard.Shapiro@jacksonlewis.com
                                          Lindsey.Chopin@jacksonlewis.com
                                          Adam.Carlisle@jacksonlewis.com

Michael E. Holzapfel, Esq.*
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
Telephone: (908) 795-5200
Facsimile: (908) 464-2614
Michael.Holzapfel@jacksonlewis.com

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF.

/s/ *Lindsay Dennis Swiger, Esq.*
Attorney for Defendant

4913-7843-1283, v. 1